Thomas H. Casey – Bar No. 138264
LAW OFFICE OF THOMAS H. CASEY, INC.
A PROFESSIONAL CORPORATION
26400 La Alameda, Suite 210
Mission Viejo, CA  92691
Telephone:     (949) 766-8787
Facsimile:      (949) 766-9896
Email:          TomCasey@tomcaseylaw.com

Chapter 7 Bankruptcy Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA / SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>M + D PROPERTIES,<br><br>                 Debtor. | Case No.  8:25-bk-12674-SC<br><br>Chapter 7<br><br>**CHAPTER 7 TRUSTEE'S MOTION FOR ORDER AUTHORIZING DISBURSEMENT OF CERTAIN FUNDS ON HAND TO THE DEBTOR AND CERTAIN CASH COLLATERAL TO SECURED CREDITOR PURSUANT TO 11 U.S.C. §725; MEMORANDUM OF POINTS AND AUTHORITIES; AND DECLARATION OF CHAPTER 7 TRUSTEE THOMAS H. CASEY IN SUPPORT THEREOF**<br><br>[No Hearing Required Pursuant to Local Bankruptcy Rule 9013-1(o)] |

**TO THE HONORABLE SCOTT C. CLARKSON, UNITED STATES BANKRUPTCY JUDGE; DEBTOR; UNITED STATES TRUSTEE'S OFFICE; AND ALL INTERESTED PARTIES:**

Thomas H. Casey, Chapter 7 Trustee ("Trustee") of the bankruptcy estate ("Estate") of M + D Properties ("Debtor"), brings this Motion ("Motion") for an order authorizing the Trustee to disburse certain funds on hand to the Debtor and certain, secured funds on hand to the first secured creditor.  In support thereof, the Trustee respectfully represents as follows:

### Summary

By this Motion, the Trustee is seeking authorization to disburse the funds on hand in the amount of $19,000.97 to the Debtor ("Management Fees") and the amount of $25,852.98 ("Rent Payments") to secured creditor J & K PLC, a Professional Law Corporation, who, by its recorded deed of trust, holds a first, secured position on the commercial property located at 6832 Beach Blvd., Buena Park, California 90621 ("Commercial Property").

The Management Fees represent certain management fees owed to the Debtor and are not subject to the Commercial Property. The Rent Payments represent rent from the tenant in the Commercial Property and are therefore cash collateral of secured creditor J & K PLC, a Professional Law Corporation. Bankruptcy trustees cannot administer funds that are fully encumbered.  Accordingly, by this Motion, the Trustee is seeking authority to disburse the Management Fees to the Debtor and the Rent Payments to J & K PLC, a Professional Law Corporation to the first secured creditor per 11 U.S.C. §725. The Trustee is seeking to disburse the payments as described above, less the chapter 7 bond payment made by the estate in the amount of $41.79.

1

**Background Information**

1. On September 22, 2025 ("Petition Date"), the Debtor filed a skeletal, voluntary Chapter 11 petition, commencing case no. 8:25-bk-12674-SC ("Case").

2. On or about November 19, 2025, the Debtor filed the balance of its schedules and statement of financial affairs.

3. By Order entered November 21, 2025, the Court converted the Case to one under Chapter 7 (Doc 62).

4. On November 21, 2025, Thomas H. Casey filed his Notice of Appointment and Acceptance as Trustee (Doc 66).

5. The Trustee conducted the Debtor's 341(a) examination on December 29, 2025.

6. The Debtor disclosed an interest in commercial property located at 6832 Beach Blvd., Buena Park, California 90621 ("Commercial Property"). Pursuant to Schedule A/B, the value of the Commercial Property is scheduled at $2,080,000.

7. The tenant in the Commercial Property is currently a Pizza Hut restaurant.

8. Prior to the conversion of the case to one under chapter 7, the Debtor attempted to sell the Commercial Property at a list price of $2.0 million, with no success.

9. Upon his appointment, the Trustee contacted the Debtor's real estate agent who advised the Trustee that value was still $2.0 million, but potential buyers were hesitant to make a written offer to purchase the Commercial Property due to the lot size and limited ability to modify the Commercial Property.

10. The Trustee contacted Attorney Edward Wu, counsel for second trust deed holders Beach Orangethorpe Hotel, LLC, Beach Orangethorpe Hotel, LLC II, and Beach Orangethorpe Hotel, LLC III, and attempted to negotiate a carve out agreement so the Trustee

might sell the Commercial Property and make a distribution to unsecured creditors. A carve-out agreement between the Trustee and the second trust deed holders could not be reached.

11.     As the Commercial Property could not be liquidated in an amount to obtain a dividend to unsecured creditors, the Trustee filed a Motion to Abandon the Commercial Property which was approved pursuant to Court order entered January 28, 2026 (Doc 86).

12.     Currently, the Trustee has $44,812.16 on hand, which is the amount turned over to the Trustee, less $41.79 paid from the estate to cover the bond for the case.

**Debtor Funds**

13.     On or about December 12, 2025, the Trustee received funds from the Debtor's CRO, Grobstein Teeple, in the amount of $36,182.55. Subsequent, and on or about January 8, 2026, Grobstein Teeple turned over an additional $8,671.40. The total funds turned over by Grobstein Teeple to the Trustee are $44,853.95.

14.     Of the total amount of $44,853.95 turned over to the Trustee, $19,000.97 represent management fees the Debtor received from Brightland Properties, Inc. ("Management Fees").

15.     The Management Fees are not secured and are property of the bankruptcy estate. However, pursuant to the Debtor's filed schedule of unpaid debts incurred after the Petition Date and before the conversion date, the total chapter 11 administrative debt is approximately $140,600. Assuming the Trustee were to administer the Management Fees in the amount of $19,000.97, after payment of chapter 7 administrative fees and expenses, the case would be insolvent on the chapter 11 level and no funds would be distributed to the general unsecured creditors. Therefore, the Trustee believes abandonment of the Management Fees to the Debtor is appropriate.

16.     Through this Motion, the Trustee is requesting authority to return the Management Fees in the amount of $19,000.97, less the bond payment, to the Debtor.

**Cash Collateral**

17.     As stated above, the funds turned over by Grobstein Teeple total $44,853.95. Of the total amount of $44,853.95 turned over to the Trustee, $25,852.98 ("Rent Payments") represents rent payments made by the tenant in the Commercial Property.

18.     The Rent Payments are cash collateral of secured creditor J & K PLC, a Professional Law Corporation, who, by its recorded deed of trust, holds a first, secured position on the Rent Payments. A copy of J & K PLC, a Professional Law Corporation's recorded deed of trust is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

19.     Accordingly, as the Rent Payments represent the cash collateral of J & K PLC, a Professional Law Corporation, the Trustee seeks authority to disburse the Rent Payments to secured creditor J & K PLC, a Professional Law Corporation.

**Conclusion**

**WHEREFORE**, the Trustee requests that the Court enter an order,

1. Authorizing the Trustee to disburse the Rent Payments in the amount of $25,852.98 to J & K PLC, a Professional Law Corporation pursuant to 11 U.S.C. §725 by check made payable to J & K PLC, a Professional Law Corporation and forwarded to J & K PLC, a Professional Law Corporation, 5681 Beach Blvd., Buena Park, California 90621;

2. Authorizing the Trustee to disburse the Management Fees in the amount of $19,000.97, less the bond payment, to M + D Properties by check made payable to M

4

+ D Properties and forwarded to Roye Zur, Elkins Kalt Weintraub Reuben Gartside

LLP, 10345 W. Olympic Blvd., Los Angeles, California 90064; and,

3.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 26, 2026

LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By:      /s/Thomas H. Casey
         Thomas H. Casey, Chapter 7 Trustee of the
         bankruptcy estate of M + D Properties

5

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.
### An Order Authorizing the Trustee to Disburse the Cash Collateral to Secured Creditor J & K PLC Per Section 725 is Appropriate

11 U.S.C. §725 provides:

> "After the commencement of a case under this chapter, but before final distribution of property of the estate under section 726 of this title, the trustee, after notice and a hearing, shall dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title."

Pursuant to 11 U.S.C. Section 725, prior to a final distribution of property of the estate under 11 U.S.C. Section 726, the trustee, after notice and a hearing, may be directed to dispose of any property in which an entity other than the estate has an interest, such as a lien, and that has not been disposed of under another section of this title.

The purpose of section 11 U.S.C. Section 725 is to give the court appropriate authority to ensure that collateral or its proceeds are returned to the proper secured creditor. Section 725 is in lieu of a section that would direct a certain distribution to secured creditors. As written, Section 725 gives the court greater flexibility to meet the circumstances of each case.

Currently, under the circumstances, a disbursement of the Rent Payments to J & K PLC, a Professional Law Corporation is appropriate. J & K PLC, a Professional Law Corporation holds a first, secured claim against the Commercial Property. The Rent Payments represent rent from the tenant in the Commercial Property and are therefore cash collateral of J & K PLC, a Professional Law Corporation. Section 725 provides the appropriate legal authority for the Trustee to administer the Cash Collateral Funds by distributing the Cash Collateral Funds to J &

K PLC, a Professional Law Corporation. Accordingly, the Trustee respectfully requests authority to distribute the cash on hand to J & K PLC, a Professional Law Corporation.

**II.**
**Conclusion**

Based upon the foregoing, the Trustee respectfully requests that the Court enter an order:

1.  Authorizing the Trustee to disburse the Rent Payments in the amount of $25,852.98 to J & K PLC, a Professional Law Corporation pursuant to 11 U.S.C. §725 by check made payable to J & K PLC, a Professional Law Corporation and forwarded to J & K PLC, a Professional Law Corporation, 5681 Beach Blvd., Buena Park, California 90621;

2.  Authorizing the Trustee to disburse the Management Fees in the amount of $19,000.97, less the bond payment, to M + D Properties by check made payable to M + D Properties and forwarded to Roye Zur, Elkins Kalt Weintraub Reuben Gartside LLP, 10345 W. Olympic Blvd., Los Angeles, California 90064; and,

3.  For such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated: June 26, 2026

LAW OFFICE OF THOMAS H. CASEY, INC.,
A PROFESSIONAL CORPORATION

By:    /s/Thomas H. Casey
       Thomas H. Casey, Chapter 7 Trustee of the
       bankruptcy estate of M + D Properties

7

## **DECLARATION OF THOMAS H. CASEY**

I, Thomas H. Casey, declare as follows:

1.      I am the duly appointed chapter 7 trustee ("Trustee") for the bankruptcy estate ("Estate") of M + D Properties ("Debtor").  I know each of the following facts to be true of my own personal knowledge or information and belief and, if called as a witness, I could and would competently testify with respect thereto.  I am submitting this Declaration in support of my *Motion for Order Authorizing Disbursement of Certain Funds on Hand to the Debtor and Certain Cash Collateral to Secured Creditor Pursuant to 11 U.S.C. §725* ("Motion").  Any term not specifically defined herein shall have the meaning provided in the Motion.

2.      By this Motion, I am seeking authorization to disburse the funds on hand in the amount of $19,000.97 to the Debtor ("Management Fees") and the amount of $25,852.98 ("Rent Payments") to secured creditor J & K PLC, a Professional Law Corporation, who, by its recorded deed of trust, holds a first, secured position on the commercial property located at 6832 Beach Blvd., Buena Park, California 90621 ("Commercial Property").

3.      The Management Fees represent certain management fees owed to the Debtor and are not subject to the Commercial Property. The Rent Payments represent rent from the tenant in the Commercial Property and are therefore cash collateral of secured creditor J & K PLC, a Professional Law Corporation. Bankruptcy trustees cannot administer funds that are fully encumbered.  Accordingly, I am seeking authority to disburse the Management Fees to the Debtor and the Rent Payments to J & K PLC, a Professional Law Corporation to the first secured creditor.

4.      On September 22, 2025 ("Petition Date"), the Debtor filed a skeletal, voluntary Chapter 11 petition, commencing case no. 8:25-bk-12674-SC ("Case").

5.      On or about November 19, 2025, the Debtor filed the balance of its schedules and statement of financial affairs.

6.      By Order entered November 21, 2025, the Court converted the Case to one under Chapter 7 (Doc 62).

7.      On November 21, 2025, I filed my Notice of Appointment and Acceptance as Trustee (Doc 66).

8.      I conducted the Debtor's 341(a) examination on December 29, 2025.

9.      The Debtor disclosed an interest in commercial property located at 6832 Beach Blvd., Buena Park, California 90621 ("Commercial Property"). Pursuant to Schedule A/B, the value of the Commercial Property is scheduled at $2,080,000.

10.     The tenant in the Commercial Property is currently a Pizza Hut restaurant.

11.     Prior to the conversion of the case to one under chapter 7, the Debtor attempted to sell the Commercial Property at a list price of $2.0 million, with no success.

12.     Upon my appointment, I contacted the Debtor's real estate agent who advised me that value was still $2.0 million, but potential buyers were hesitant to make a written offer to purchase the Commercial Property due to the lot size and limited ability to modify the Commercial Property.

13.     I contacted Attorney Edward Wu, counsel for second trust deed holders Beach Orangethorpe Hotel, LLC, Beach Orangethorpe Hotel, LLC II, and Beach Orangethorpe Hotel, LLC III, and attempted to negotiate a carve out agreement so I might sell the Commercial Property and make a distribution to unsecured creditors. A carve-out agreement between me, as Trustee, and the second trust deed holders could not be reached.

14.    As the Commercial Property could not be liquidated in an amount to obtain a dividend to unsecured creditors, I filed a Motion to Abandon the Commercial Property which was approved pursuant to Court order entered January 28, 2026 (Doc 86).

15.    Currently, I have $44,812.16 on hand, which is the amount turned over to me, less $41.79 paid from the estate to cover the bond for the case.

16.    On or about December 12, 2025 I received funds from the Debtor's CRO, Grobstein Teeple, in the amount of $36,182.55. Subsequent, and on or about January 8, 2026, Grobstein Teeple turned over an additional $8,671.40. The total funds turned over by Grobstein Teeple to me are $44,853.95.

17.    Of the total amount of $44,853.95 turned over to me, $19,000.97 represent management fees the Debtor received from Brightland Properties, Inc. ("Management Fees").

18.    The Management Fees are not secured and are property of the bankruptcy estate. However, pursuant to the Debtor's filed schedule of unpaid debts incurred after the Petition Date and before the conversion date, the total chapter 11 administrative debt is approximately $140,600. Assuming I were to administer the Management Fees in the amount of $19,000.97, after payment of chapter 7 administrative fees and expenses, the case would be insolvent on the chapter 11 level and no funds would be distributed to the general unsecured creditors. Therefore, I believe abandonment of the Management Fees to the Debtor is appropriate.

19.    As stated above, the funds turned over by Grobstein Teeple total $44,853.95. Of the total amount of $44,853.95 turned over to me, $25,852.98 ("Rent Payments") represents rent payments made by the tenant in the Commercial Property.

20.    The Rent Payments are cash collateral of secured creditor J & K PLC, a Professional Law Corporation, who, by its recorded deed of trust, holds a first, secured position

10

on the Rent Payments. A copy of J & K PLC, a Professional Law Corporation's recorded deed of

trust is attached hereto as **Exhibit "1"** and incorporated herein by this reference.

I declare under penalty of perjury under the laws of the United States of America that the

foregoing is true and correct and that this Declaration was executed on June 26, 2026, at Mission

Viejo, California.

/s/Thomas H. Casey
Thomas H. Casey, Declarant

# Exhibit 1

Recorded in Official Records, Orange County
Hugh Nguyen, Clerk-Recorder

RECORDING REQUESTED BY:
**CHICAGO TITLE COMPANY**
Order No. 112204481-DL
Escrow No. 22-3283-JL
Parcel No. 276-323-01

**AND WHEN RECORDED MAIL TO:**

**J & K PLC, PROFESSIONAL**
**LAW CORPORATION**
**5681 BEACH BLVD.**
**BUENA PARK, CA 90621**

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖ 185.00
*$R 0 0 1 3 6 6 2 4 4 6 $ *
**2022000138967 10:28 am 04/12/22**
**63 SC5A D11 A36 6**
**0.00 0.00 0.00 0.00 15.00 0.00 0.000.00150.00 6.00**

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## LONG FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

**THIS DEED OF TRUST,** made this **9th day of March, 2022,** between
**M + D Properties, a California corporation.**
herein called TRUSTOR, whose address is
**6988 BEACH BLVD., B-215, BUENA PARK, CA 90621**

**CHICAGO TITLE COMPANY**, a California Corporation herein called **TRUSTEE** , and

**J & K PLC, professional law corporation,** herein called **BENEFICIARY,**

**WITNESSETH:** That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of **BUENA PARK, ORANGE** County, State of California, described as:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF.**

    **Due on Sale (Acceleration):** If the Trustor shall sell, convey, or alienate said property or any part thereof, or any interest therein, or shall be divested of its title in any manner or way, whether voluntarily or involuntarily, any indebtedness or obligation secured hereby, irrespectively of the maturity date express in any note evidencing the same, at the option of the holder hereof and without demand or notice, shall immediately become due and payable.

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

**For the Purpose of Securing:** 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof, in the principal sum of **$1,006,000.00** executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured.

Non-Order Search
Doc: 2022-138967 TDR 04-12-2022

Requested By: Maricela Westbrook , Printed: 12/3/2025 5:28 PM

**EXHIBIT 1 PAGE 12**

**TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES:**

(1)   To keep said property in good condition and repair; not to remove or demolish any building thereon; to complete or restore promptly and in good and workmanlike manner any building which may be constructed, damaged or destroyed thereon and to pay when due all claims for labor performed and materials furnished therefore; to comply with all laws affecting said property or requiring any alterations or improvements to be made thereon; not to commit or permit waste thereof; not to commit, suffer or permit any act upon said property in violation of law; to cultivate, irrigate, fertilize, fumigate, prune and do all other acts which from the character or use of said property may be reasonably necessary, the specific enumerations herein not excluding the general.

(2)   To provide, maintain and deliver to Beneficiary fire insurance satisfactory to and with loss payable to Beneficiary. The amount collected under any fire or other insurance policy may be applied by Beneficiary upon indebtedness secured hereby and in such order as Beneficiary may determine, or at option of Beneficiary the entire amount so collected or any part thereof may be released to Trustor. Such application or release shall not cure or waive any default or notice of default hereunder or invalidate any act done pursuant to such notice.

(3)   To appear in and defend any action or proceeding purporting to affect the security hereof or affect the security hereof or the rights or powers of Beneficiary or Trustee; and to pay all costs and expenses, including cost of evidence of title and attorney's fees in a reasonable sum, in any such action or proceeding in which Beneficiary or Trustee may appear, and in any suit brought by Beneficiary to foreclose this Deed.

(4)    To pay: at least ten days before delinquency all taxes and assessments affecting said property, including assessments on appurtenant water stock; when due, all encumbrances, charges and liens, with interest, on said property or any part thereof, which appear to be prior or superior hereto; all costs, fees and expenses of this Trust.

Should Trustor fail to make any payment or to do any act as herein provided, then Beneficiary or Trustee, but without obligation so to do and without notice to or demand upon Trustor and without releasing Trustor from any obligation hereof, may: make or do the same in such manner and to such extent as either may deem necessary to protect the security hereof, Beneficiary or Trustee being authorized to enter upon said property for such purposes; appear in and defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee; pay, purchase, contest or compromise any encumbrance, charge or lien which in the judgment of either appears to be prior or superior hereto; and, in exercising any such powers, pay necessary expenses, employ counsel and pay his reasonable fees.

(5)   To pay immediately and without demand all sums so expended by Beneficiary or Trustee, with interest from date of expenditure at the rate called for in the note secured hereby, or at the amount allowed by law at date of expenditure, whichever is greater, and to pay for any statement provided for by law in effect at the date hereof regarding the obligation secured hereby any amount demanded by the Beneficiary not to exceed the maximum allowed by law at the time when said statement is demanded.

(6)   That any award of damages in connection with any condemnation for public use of or injury to said property or any part thereof is hereby assigned and shall be paid to Beneficiary who may apply or release such moneys received by him in this same manner and with the same effect as above provided for disposition of proceeds of fire or other insurance.

(7)   That by accepting payment of any sum secured hereby after its due date, Beneficiary does not waive his right either to require prompt payment when due of all other sums so secured or to declare default for failure so to pay.

(8)   That at any time or from time to time, without liability therefore and without notice, upon written request of Beneficiary and presentation of this Deed and said note for endorsement, and without affecting the personal liability of any person for payment of the indebtedness secured hereby, Trustee may: reconvey any part of said property; consent to the making of any map or plat thereof; join in granting any easement thereon; or join in any extension agreement or any agreement subordinating the lien or charge hereof.

(9)   That upon written request of Beneficiary stating that all sums secured hereby have been paid, and upon surrender of this Deed and said note to Trustee for cancellation and retention and upon payment of its fees. Trustee shall reconvey, without warranty, the property then held hereunder. The recitals in such reconveyance of any matters or facts shall be conclusive proof of the truthfulness thereof. The grantee is such reconveyance may be described as "the person or persons legally entitled thereto." Five years after issuance of such full reconveyance, Trustee may destroy said note and this Deed (unless directed in such request to retain them.)

(10)  That as additional security, Trustor hereby gives to and confers upon Beneficiary the right, power and authority, during the continuance of these Trusts, to collect the rents, issues and profits of said property, reserving unto Trustor the right, prior to any default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, to collect and retain such rents, issues and profits as they become due and payable, Upon any such default, Beneficiary may at any time without notice, either in person, by agent, or by a receiver to be appointed by a court, and without regard to the adequacy of any security for the indebtedness hereby secured, enter upon and take possession of said property or any part thereof, in his own name sue for or otherwise collect such rents, issues and profits, including those past due and unpaid, and apply the same, less costs and expenses of operation and collection, including reasonable attorney's fees, upon any indebtedness secured hereby, and in such order as Beneficiary may determine. The entering upon and taking possession of said property, the collection of such rents, issues and profits and the application thereof as aforesaid, shall not cure or waive any default or notice of default hereunder or invalidate any act pursuant to such notice.

(11)  That upon default by Trustor in payment of any indebtedness secured hereby or in performance of any agreement hereunder, Beneficiary may declare all sums secured hereby immediately due and payable by delivery to Trustee of written declaration of default and demand for sale and of written notice of default and of election to cause to be sold said property, which notice Trustee shall cause to be filed for record. Beneficiary also shall deposit with Trustee this Deed, said note and all documents evidencing expenditures secured hereby. After the lapse of such time as may then be required by law following the recordation of said notice of default, and

EXHIBIT 1  PAGE 13

Non-Order Search                                  Page 38 of 52        Requested By: Maricela Westbrook  , Printed: 12/3/2025 5:28 PM
Doc: 2022-138967 TDR 04-12-2022

notice of sale having been given as then required by law, Trustee, without demand on Trustor, shall sell said property at the time and place fixed by it in said notice of sale, either as a whole or in separate parcels, and in such order as it may determine, at public auction to the highest bidder for cash in lawful money of the United States, payable at time of sale. Trustee may postpone sale of all or any portion of said property by public announcement at such time and place of sale, and from time to time thereafter may postpone such sale by public announcement at the time fixed by the preceding postponement. Trustee shall deliver to such purchaser its deed conveying the property so sold, but without any covenant or warranty, express or implied. The recitals in such deed of matters or facts shall be conclusive proof of the truthfulness thereof. Any person, including Trustor, Trustee, or Beneficiary as hereinafter defined, may purchase at such sale.

After deducting all costs, fees and expenses of Trustee and of this Trust, including cost of evidence of title in connection with sale, Trustee shall apply the proceeds of sale to payment of: all sums expended under the terms hereof, not then repaid, with accrued interest at the amount allowed by law in effect at the date hereof; all other sums then secured hereby; and the remainder, if any, to the person or persons legally entitled thereto.

(12) Beneficiary, or any successor in ownership of any indebtedness secured hereby, may from time to time, by instrument in writing, substitute a successor or successors to any Trustee named herein or acting hereunder, which instrument, executed by the Beneficiary and duly acknowledged and recorded in the office of the recorder of the county or counties where said property is situated, shall be conclusive proof of proper substitution of such successor Trustee or Trustees, who shall, without conveyance from the Trustee predecessor, succeed to all its title, estate, rights, powers and duties, must contain the name of the original Trustor, Trustee and Beneficiary hereunder, the book and page where this deed is recorded and the name and address of the new Trustee.

(13) That this Deed applies to, insures to the benefit of, and binds all parties hereto, their heirs, legatees, devisees, administrators, executors, successors and assigns. The term Beneficiary shall mean the owner and holder, including pledges, of the note secured hereby, whether or not named as Beneficiary herein. In this Deed, whenever the context so required, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

(14) That Trustee accepts this Trust when this Deed, duly executed and acknowledged, is made a public record as provided by law. Trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of any action or Proceeding in which Trustor, Beneficiary or Trustee shall be party unless brought by Trustee.

The undersigned Trustor requests that a copy of any Notice of Default and of any Notice of Sale hereunder be mailed to him at his address hereinbefore set forth.

M + D Properties, a California corporation

By: Donald Chae, solely in his capacity as Chief Executive Officer


Document Date: March 9, 2022

| A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document. |
| --- |

STATE OF CALIFORNIA
COUNTY OF __ORANGE__

On __MARCH 21, 2022__, before me, __JACQUELINE LEE, NOTARY PUBLIC__, personally appeared **DONALD CHAE** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____ (Seal)

JACQUELINE LEE
Notary Public - California
Orange County
Commission # 2276609
My Comm. Expires Feb 4, 2023

EXHIBIT 1  PAGE 14

# ACKNOWLEDGMENT

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of _____ Orange _____ )

On _____ March 21, 2022 _____ before me, _____ Jacqueline Lee, Notary Public _____
(insert name and title of the officer)

personally appeared _____ Donald Chae _____,
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

JACQUELINE LEE
Notary Public - California
Orange County
Commission # 2276609
My Comm. Expires Feb 4, 2023

EXHIBIT 1  PAGE 15

Parcel No. **276-323-01**

## REQUEST FOR FULL RECONVEYANCE

To: CHICAGO TITLE COMPANY, **Trustee**

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Date: _____

_____     _____

By:_____     By: _____

**Please mail Reconveyance to: 6988 BEACH BLVD., B-215, BUENA PARK, CA 90621**

---

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.**
*Both original documents must be delivered to the Trustee fro cancellation before reconveyance will be made.*

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA
COUNTY OF _____ } S.S.

On_____, before me,_____,
personally appeared_____who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature_____(Seal)

INITIALS: _____

**EXHIBIT 1  PAGE 16**

# EXHIBIT A

**Order No.:**   112204481

**For APN/Parcel ID(s):   276-323-01**

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA AND IS DESCRIBED AS FOLLOWS:

PARCEL 1:

LOTS 22 AND 23 OF TRACT NO. 551, IN THE CITY OF BUENA PARK, COUNTY OF ORANGE, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 19, PAGE 43 OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THE EAST 40 FEET THEREOF.

PARCEL 2:

A NON-EXCLUSIVE RIGHT TO UTILIZE THE PARKING AREA FOR CUSTOMER PARKING AND THE RIGHT TO EGRESS AND INGRESS AND AS SET FORTH IN THAT CERTAIN PARKING AGREEMENT DATED MARCH 16, 1970 AND RECORDED ON MARCH 13, 1970 AS INSTRUMENT 7508, IN BOOK 9238, PAGE 184 OF OFFICIAL RECORDS.

EXHIBIT 1  PAGE 17

Non-Order Search                                   Page 42 of 52      Requested By: Maricela Westbrook  , Printed: 12/3/2025 5:28 PM
Doc: 2022-138967 TDR 04-12-2022

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

**26400 La Alameda, Suite 210, Mission Viejo, CA  92691**

A true and correct copy of the foregoing document entitled (*specify*): **Chapter 7 Trustee's Motion for Order Authorizing Disbursement of Certain Funds on Hand to the Debtor and Certain Cash Collateral to Secured Creditor Pursuant to 11 U.S.C. Section 725; Memorandum of Points and Authorities; and Declaration of Chapter 7 Trustee Thomas H. Casey in Support Thereof** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) **June 26, 2026**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Thomas H Casey (TR)**    msilva@tomcaseylaw.com, thc@trustesolutions.net
- **Andrew Christensen**    andrew@californiahomelawyer.com
- **Lauren N Gans**    lgans@elkinskalt.com, lmasse@elkinskalt.com
- **Jeffrey I Golden**    jgolden@go2.law,
  kadele@ecf.courtdrive.com;cbmeeker@gmail.com;lbracken@wgllp.com;dfitzgerald@go2.law;golden.jeffreyi.b117954@notify.bestcase.com
- **Kenneth Misken**    Kenneth.M.Misken@usdoj.gov
- **United States Trustee (SA)**    ustpregion16.sa.ecf@usdoj.gov
- **Edward Wu**    edward.wu@edwlawgroup.com
- **Bennett G Young**    byoung@jeffer.com, jb8@jmbm.com
- **Roye Zur**    rzur@elkinskalt.com,
  lwageman@elkinskalt.com;1648609420@filings.docketbird.com;rzur@ecf.courtdrive.com;lmasse@elkinskalt.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) **June 26, 2026,** I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*), I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 26, 2026 | Kathy Driggers | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                 **F 9013-3.1.PROOF.SERVICE**

**SERVED BY US MAIL:**

**Debtor**
M + D Properties
P.O. Box 489
Buena Park, CA 90621

**Request for Special Notice**
Guannan Shi, Chen Hu, Guo Kun, Jianchi Chen, Peng Jing, Xiaoping Cao and Yubing Yuan
c/o Bennett G. Young, Esq.
Jeffer Mangels & Mitchell LLP
333 Bush Street, 11th Floor
San Francisco, CA 94104

**Interested Party**
J&K PLC
Yohan Lee
5681 Beach Blvd.
Buena Park, CA 90621-2097

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                           **F 9013-3.1.PROOF.SERVICE**